

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Thurmond Guess, Sr., § | |
|     Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 3:24-cv-68-MGL |
| § | |
| Daniel Coble as Richland County Circuit § | |
| Court; Morgan Stuart Stout; Travelers, § | |
| Insurance Company Property, Casualty § | |
| Insurance Company; and Brett Bayne, § | |
|     Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION IN PART,
AFFIRMING THE MAGISTRATE JUDGE'S DECISION TO
DENY PLAINTIFF'S SECOND MOTION TO RECUSE,
GRANTING DEFENDANTS' MOTIONS TO DISMISS,
DISMISSING THIS MATTER WITHOUT PREJUDICE,
AND DEEMING AS MOOT ALL REMAINING MOTIONS**

### I. INTRODUCTION

Plaintiff Thurmond Guess, Sr. (Guess), who is representing himself, brought this action against Defendants Honorable Daniel Coble, Richland County Circuit Court Judge (Judge Coble); Morgan Stuart Stout (Stout); Travelers Property Casualty Insurance Company (Travelers); and Brett Bayne (Bayne), alleging defamation under state law and violations of his due process rights under 42 U.S.C. § 1983.

This matter is before the Court for review of the Report and Recommendation (Report) of the Magistrate Judge recommending the Court grant the motions to dismiss filed by Judge Coble, Stout, and Travelers and dismiss this case without prejudice for insufficient service of process.

Also before the Court is Guess's appeal of the Magistrate Judge's ruling denying his second motion for recusal. The Report and ruling were made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Magistrate Judge filed the Report on July 11, 2024. Guess filed his objections on July 17, 2024; Judge Coble, Stout, and Travelers filed their replies on July 30, 2024; and Guess filed his sur-reply on August 5, 2024. Bayne has failed to appear in this action. The Court has reviewed Guess's objections but holds them to be without merit. It will therefore enter judgment accordingly.

As is relevant here, Guess filed this action on January 5, 2024. The Magistrate Judge issued an order authorizing service of process on January 19, 2024. The order advised Guess he was responsible for service of process under Federal Rule of Civil Procedure 4 and explained failure to serve each defendant within ninety days could result in the defendant's dismissal. On February 1, 2024, Guess filed an amended complaint.

When the Magistrate Judge issued her Report, "Guess ha[d] not provided any indication or proof that he ha[d] . . . serv[ed] the issued summons and a copy of the [amended complaint]" in accordance with Rule 4. Report at 3–4. Guess has since provided the Court undated emails from himself to Judge Coble and Bayne, appearing to contain the summons and amended complaint. Guess Reply at Exhibit A. Guess has failed to provide similar emails from himself to Stout and Travelers.

Judge Coble, Stout, and Travelers have filed motions to dismiss Guess's claims for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient process, and insufficient

service of process. Judge Coble and Stout have alternatively moved for the Court to dismiss the claims under Federal Rule of Procedure 12(b)(6) or enter judgment on the pleadings.

Guess has filed several motions, including two motions to recuse the Magistrate Judge.

In Guess's first motion to recuse, he argued the Magistrate Judge was biased against him, as she previously recommended his cases be dismissed. The Magistrate Judge denied the motion in a written order, ruling Guess pointed to no extrajudicial source of bias or prejudice, and his allegations were therefore insufficient to warrant recusal.

Four days after the Magistrate Judge issued her written order, Guess filed a second motion to recuse. The Magistrate Judge denied the second motion in a text order, relying on the reasons set forth in her written order. Guess subsequently appealed the Magistrate Judge's text order and requested this Court issue a written order.

### III.     MOTION TO RECUSE

Guess appears to argue the Court should refuse to consider the Report because the Magistrate Judge should have been, or should be, recused from this case.

#### A.     *Standard of Review*

The standard for judicial recusal is set out at 28 U.S.C. § 455. Under that statute, a judge must disqualify herself in "any proceeding in which h[er] impartiality might reasonably be questioned[,]" including where she has a "personal bias or prejudice concerning a party[.]" *Id.* § 455(a) & (b)(1). Importantly, for any alleged bias or prejudice to be disqualifying, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).

3

Guess's motion to recuse is a nondispositive motion. Therefore, the Court must affirm the Magistrate Judge's order on the motion unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

### B.  *Discussion and Analysis*

Guess insists recusal is proper because the Magistrate Judge has presided over many cases filed by him, he has requested her recusal before, and she has never been fair to him in this case. It is unclear exactly what sort of unfairness Guess alleges. He neglects to provide any argument or evidence to support these allegations. And, that the Magistrate Judge's rulings have disfavored him are insufficient to remove her from this case. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

The Court is unable to say the Magistrate Judge's impartiality in this case can reasonably be questioned. Although Guess may wish his case was before a different Magistrate Judge or without Magistrate Judge involvement at all, he has failed to provide any good reason for this Court to remove her from the case. And, as evidenced by this order, any reports and recommendations and orders issued by the Magistrate Judge are subject to review by this Court. The Court will therefore affirm the Magistrate Judge's decision to deny Guess's second motion to recuse and turn to the merits of the Report.

### IV.  THE REPORT

### A.  *Standard of Review*

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the

4

Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

This Court, however, need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court reviews the Report only for clear error in the absence of specific objections.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record to accept the recommendation'").

### B.    *Discussion and Analysis*

Except for Guess's recusal argument, which was addressed above, he has failed to present any specific objections to the Report.  His objections amount to general disagreements with the Report's findings, as he vaguely contends the Report is "based upon a manifest error of law, or facts, and miscarriage of justice and violation of the 5th amendment[], 7th amendment, [and] 14th amendment rights of the [C]onstitution of the [U]nited [S]tate[s] of America."  Objections at 1.  He avers the Magistrate Judge violated her March 8, 2024, order granting Judge Coble's motion for protective order and suspending all scheduling deadlines pending resolution of the motions to dismiss.  But, he fails to identify what, if any, conduct by the Magistrate Judge constitutes such a violation.  His objections predominantly rely on arguments made in his motions to recuse and include unmoored references to wholly irrelevant case law.

Because Guess neglects to make any specific objections, the Court can forgo making a de novo review of the record before overruling his objections and accepting the Report. *Orpiano*, 687 F.2d at 47. Nevertheless, in an abundance of caution, the Court has reviewed the Report and record de novo.

Although the Magistrate Judge recommends dismissal of Guess's claims based on insufficient service of process, the Fourth Circuit has advised "[w]hen there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). It is undisputed the Defendants had actual notice of Guess's claims, as evidenced by the motions to dismiss filed by Judge Coble, Stout, and Travelers and by a settlement offer Bayne emailed Guess. Guess Reply at Exhibit B. Therefore, the Court turns to the alternative grounds for dismissal noted in the Report.

As the Magistrate Judge explained, Judge Coble is immune from liability for actions taken in his judicial role. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (noting judicial immunity "is overcome in only two sets of circumstances[,]" for "actions not taken in the judge's judicial capacity" and "for actions, though judicial in nature, taken in the complete absence of all jurisdiction"). Moreover, Guess is unable to show Stout, Travelers, and Bayne are state actors subject to liability under § 1983. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (explaining a person is subject to suit under § 1983 only where the alleged infringement of federal rights is fairly attributable to the state). Therefore, dismissal of his claim for damages under 42 U.S.C. § 1983 is proper for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Turning to Guess's defamation claim, he fails to identify any defamatory statement made by Defendants. Accordingly, dismissal of that claim is proper for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Therefore, for all these reasons, the Court will overrule Guess's objections.

## V.     CONCLUSION

After a thorough review of the Report and record in this case under the standards set forth above, the Court overrules Guess's objections, adopts the Report to the extent it does not contradict this Order, and incorporates the Report herein. Therefore, it is the judgment of the Court the Magistrate Judge's decision to deny Guess's second motion to recuse is **AFFIRMED**; the motions to dismiss filed by Judge Coble, Stout, and Travelers are **GRANTED**; the claims against Bayne are **DISMISSED WITHOUT PREJUDICE**; and this matter is **DISMISSED WITHOUT PREJUDICE**.

Because this matter is dismissed, all remaining motions are necessarily **DEEMED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 22nd day of August 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.